# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RON D. STEWART | CIVIL ACTION |
| VERSUS | NO. 11-3085 |
| CENEX HARVEST STATES-MY GR TRIM | DIVISION "3" |

## ORDER

On October 24, 2012, Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Claims [Doc. #16] came on for oral hearing before the undersigned.[1] Present was Jennifer Englander on behalf of defendant. Counsel for plaintiff failed to appear. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' oral argument, the Court rules as follows.

**I.    Background**

The complaint alleges as follows. Plaintiff Ron D. Stewart contends that defendant CHS Inc. of Minnesota ("defendant")[2] denied him entry into its welding program in 1999. Plaintiff also contends that defendant failed to promote him to a millwright position from 1999 through August 2010, and specifically in 1999, January or February 2010, March or April 2010, and in August 2010.

---

[1]    The parties consented to proceed before the undersigned under 28 U.S.C. § 636(c). [Doc. #30].

[2]    Plaintiff incorrectly named Cenex Harvest States-My Gr Trim as the original defendant.

Plaintiff alleges that defendant filled the millwright positions with outside hires or with employees junior to plaintiff.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 21, 2010. In that charge, plaintiff checked the boxes as to race and disability discrimination and alleged that the earliest discrimination occurred on January 1, 2010, and the latest discrimination occurred on June 1, 2010. (Ex. 1, attached to Def.'s Mem. Supp. Partial Dismissal). Plaintiff alleged that he "was denied a promotional position to Millwright. . . . No reason was given for denying me a promotion. I have been discriminated against because of a perceived disability in violation of the Americans with Disabilities Act (ADA) of 1990, as amended." (*Id.*).

On December 16, 2011, plaintiff sued defendant alleging discrimination based on a perceived disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[3]

## II. Law and Analysis

### A. Standard of Review

In considering a motion to dismiss, the Court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[3] There is no indication in plaintiff's complaint that he received a right-to-sue letter. Because defendant does not challenge plaintiff's claims on this ground, the Court assumes for purposes of this motion that plaintiff received such a letter.

2

U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the Bell the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### B. Analysis

#### 1. Title VII's Time Bar

Defendant first asks the Court to dismiss plaintiff's claims for discrimination that arise before February 24, 2010. Plaintiff's EEOC charge alleges that defendant denied him (1) entry into the welding program in 1999 and (2) denied him promotions to the position of millwright from 1999 through August 2010, and specifically in 1999, January or February 2010, March or April 2010, and

3

in August 2010 based on his perceived disability. His EEOC charge further states that January 1, 2010 was the earliest date on which defendant discriminated against him. The complaint in the instant action, however, alleges that defendant denied him entry into the welding program in 1999, promoted Tyrone Trufant – a junior employee – to the position of millwright in 1999, and denied him a promotion to millwright in January or February 2010.

The denial of entry into the welding program and the failure-to-promote claims are five separate and discrete employment actions. A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days after the alleged discriminatory employment action occurred. However, in "deferral states" such as Louisiana, this filing period is extended to 300 days if the complainant has instituted a complaint with a state or local agency with authority to grant or seek relief from such practices. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 351 (5th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)(1)); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). Accordingly, under Title VII, the Court can consider only those incidents that occurred within 300 days before plaintiff filed the EEOC complaint that is the basis of this lawsuit. *Celestine*, 266 F.3d at 351.

The Court will thus consider only those incidents that occurred within 300 days before December 21, 2010 (the filing date of his EEOC complaint), or after February 24, 2010.[4] Because two of plaintiff's claims here are based on allegedly discriminatory acts that occurred in 1999 – both the denial of entry into the welding program and the failure to promote in 1999 – these claims are time-barred.

---

[4] Because the date on which the 300 days began to run is February 24, 2010, defendant does not challenge at this time the failure-to-promote claims in March or April 2010 and in August 2010.

4

In his one-paragraph opposition, plaintiff contends that the date of the filing of the charge of discrimination relates back to the date of plaintiff's Intake Questionnaire, allegedly filled out by plaintiff on August 19, 2010. Plaintiff thus contends that his claims are timely to the extent that the alleged discriminatory conduct occurred after October 23 or 24, 2009.[5]

This argument fails for numerous reasons advanced by defendant and supported by the case law. First, on the face of his complaint, plaintiff admits that he filed a charge of discrimination with the EEOC on December 21, 2010. [Doc. #1 at p. 1]. Factual assertions in a complaint are deemed judicial admissions that are binding on a plaintiff. *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 550 (5th Cir. 2009). Plaintiff can not now complain that the date of his charge is other than that deemed admitted in the complaint.

Moreover, even were the Court to accept such an argument, there is no Intake Questionnaire in the record. While the Court recognizes that it may take into account matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint, *Chester County*, 896 F.2d at 812, that is not the case here. Indeed, there is not even a mention of the Intake Questionnaire in plaintiff's complaint. There is no way for the Court to determine whether plaintiff satisfied all – or the majority of – the requirements in 29 C.F.R. § 1626.8.[6]

---

[5] The argument that the Court may consider alleged discriminatory action after October 23 or 24, 2009 in no way saves plaintiff's claims that arose in 1999.

[6] Defendant also advances the argument that the Fifth Circuit has held that "notice to the employer and EEOC administrative action are required before an intake questionnaire will suffice as a formal charge." *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 673 (E.D. La. 2009) (citing *Harris v. David McDavid Honda*, 213 Fed. Appx. 258, 262 (2006)). But the Fifth Circuit decided *Harris* before the Supreme Court handed down *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 403 (2008), an opinion in which it explicitly rejected the petitioner-employer's argument that the definition of a charge depended on notice to the employer and the initiation of the conciliation process.

Neither does *Holowecki* provide the support to plaintiff that he so desires. In that case, there was evidence in the record that plaintiff had not only completed the intake

What is not apparent from the face of the pleadings is whether plaintiff's failure-to-promote claim that arose in January or February 2010 is also time-barred. Because the Court is unaware of the date on which defendant allegedly failed to promote plaintiff, and because that act could have occurred after – or even near – February 24, 2010, the Court can not dismiss this claim at this time. Should circumstances change after discovery in this lawsuit has begun, defendant may file the appropriate motion to address this claim.

## 2. The Race Discrimination Claims in Their Totality

Defendant next asks the Court to dismiss all of plaintiff's claims of race discrimination under Title VII for failure to exhaust. Plaintiff does not address this argument in his opposition. For the following reasons, the Court dismisses these claims.

A Title VII complaint is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Thomas v. Tex. Dep't Of Criminal Justice, Institutional Div.*, 220 F.3d 389, 395 (5th Cir.2000); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). In other words, any issues that plaintiff did not bring before the EEOC for consideration and were not investigated by the EEOC during its investigation can not be considered by a district court. This Court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993); *Sanchez v. Standard*

---

questionnaire but had attached an affidavit to it that described the alleged discriminatory conduct in detail. *See id.* at 394. There, the Court determined only that the documents as the respondent-employee had submitted them to the EEOC qualified as a charge, explicitly relying on the six-page affidavit in which she had sought agency action. *See id.* at 404-05.

*Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). The only absolutely essential elements of a timely charge of discrimination are the allegations of fact contained therein. *Sanchez*, 431 F.2d at 463. The crucial element in a charge of discrimination is the set of facts alleged, not the charging party's conclusion concerning the employer's motivation. *Id.* at 464 n.6.

This case is factually apposite to *Baldwin v. Harris County*, Civ. A. No. H-04-3822, 2005 WL 6457562 (S.D. Tex. Nov. 15, 2005). There, the plaintiff had checked the boxes in his EEOC charge for "race" and "disability" discrimination. *Id.* at *3. The body of the plaintiff's charge contained no factual allegations of racial discrimination but detailed only his allegations relating to his claim of disability discrimination. *Id.* The court ultimately held that the plaintiff had failed to exhaust his claim of race discrimination. *Id.* The court explained that the plaintiff's "failure to provide the EEOC with any facts supporting a claim of racial discrimination – or even to articulate the claim itself in the body of the charge – precluded any reasonable expectation that the EEOC would investigate the claim." *Id.* at *3.

Here, plaintiff checked the box for "race" discrimination. Like the plaintiff in *Baldwin*, however, plaintiff failed to articulate any facts in the body of his charge to support such a claim. Plaintiff only included one sentence to support his claim for disability discrimination. Indeed, plaintiff even failed to mention in the charge his own race or the race of the employees who received the promotions. This Court agrees with the *Baldwin* court: The lack of factual allegations in plaintiff's charge precludes any reasonable expectation that the EEOC would have investigated a claim of race discrimination here. Accordingly, the Court dismisses plaintiff's claims for race discrimination.

### III. Conclusion

**IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's Claims [Doc. #16] is GRANTED IN PART as outlined above. The claims that survive defendant's motion to dismiss are plaintiff's claims under the ADA for failure to promote in January or February 2010, March or April 2010, and in August 2010.

New Orleans, Louisiana, this 31st day of October, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**